IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAMI KEAHI THOMPSON, #A1009255,<br><br>   Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII, *et al.*,<br><br>   Defendants. | CIVIL NO. 22-00408 DKW-KJM<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

  Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff Kami Keahi Thompson.[1]  ECF No. 2.  Thompson's IFP Application is DENIED as incomplete.

  When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint.  *See* 28 U.S.C.

---

[1] Thompson is currently incarcerated at the Oahu Community Correctional Center.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1009255";  and select "Search") (last visited Sept. 12, 2022).

§ 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner must submit trust account statements from each institution where confined during this six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires the use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner."  *See* United States District Court for the District of Hawaii, https://www.hid.uscourts.gov/dsp_accord.cfm (follow "Forms You Need to Complete to File a New Case").  This form includes (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined).  *See id.*  The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months.  *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater.  28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  An initial partial filing fee will only be collected when funds exist.  *See* 28 U.S.C. § 1915(b)(1).  The balance of the $350.00 filing fee will be collected in monthly

payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

Thompson's IFP Application is incomplete. Specifically, the IFP Application does not include: (1) a financial certificate and consent to collection of fees (for completion by Thompson); (2) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined); and (3) an account statement for the preceding six months showing all deposits to and withdrawals from Thompson's account during that period. *See* ECF No. 2.

Thompson is DIRECTED to promptly submit all the required documentation to enable the Court to fully assess the IFP Application. Failure to do so, or to pay the filing fee in full, on or before October 4, 2022, will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The

Court will take no action on any pending or future filings in this action until Thompson addresses the deficiencies set forth in this Order.

## **CONCLUSION**

(1) Thompson's Application to Proceed In Forma Pauperis by a Prisoner is DENIED without prejudice as incomplete.

(2) Thompson is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application that includes the missing documentation described above, October 4, 2022.

(3) The Clerk is DIRECTED to send Thompson an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED:  September 13, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Kami Keahi Thompson v. State of Hawaii, et al.*; Civil No. 22-00408 DKW-KJM;
**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**