IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAMI KEAHI THOMPSON, #A1009255,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF HAWAII, *et al.*,<br><br>        Defendants. | CIVIL NO. 22-00408 DKW-KJM<br><br>ORDER (1) DISMISSING PRISONER CIVIL RIGHTS COMPLAINT AND ACTION, AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is pro se Plaintiff Kami Keahi Thompson's Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983, ECF No. 1, and his Motion for Appointment of Counsel, ECF No. 3. In the Complaint, Thompson alleges that the State of Hawaii and the City and County of Honolulu violated his constitutional rights by detaining him for ninety-six hours after his arrest (Count I) and twice charging him with the same crimes (Count II). ECF No. 1 at 15–16. For the following reasons, the Complaint is DISMISSED. Because any amendment would be futile, this action is dismissed with prejudice. Thompson's Motion for Appointment of Counsel is DENIED as moot.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[1]

At 9:45 p.m. on the evening of May 7, 2022, Honolulu Police Department officers made a warrantless arrest of Thompson. ECF No. 1; *see also* Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 9, 2022), Dkt. No. 10 at 1.[2] At 9:17 a.m. the following morning, a state court judge signed a Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee. *Id.* The judge found that there was "reason to believe that sufficient probable cause exist[ed] for the extended restraint of liberty of [Thompson] for the offense(s) of terroristic threatening in the first degree in violation of Section(s) 707-71 of the Hawaii Revised Statutes." *Id.*

On May 9, 2022, the State filed a complaint against Thompson in the District Court of the First Circuit charging him with two counts of terroristic threatening in the first degree. *See* Complaint, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 9, 2022), Dkt. No. 1 at 1, 3. On May 11,

---

[1]Thompson's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2]The Court takes judicial notice of Thompson's state court proceedings. *See, e.g., Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (noting that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

2022, a state district court judge granted Thompson's oral motion for release from custody, and he was released from custody.  *See* ECF No. 1 at 4; *see also* Minutes, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 9, 2022), Dkt. No. 21.

On May 13, 2022, a grand jury returned an Indictment charging Thompson with two counts of terroristic threatening in the first degree.  *See* Indictment, *State v. Thompson*, No. 1CPC-22-0000613 (1st Cir. Haw. May 13, 2022), Dkt. No. 1.  The Indictment was filed in the Circuit Court of the First Circuit.  *Id.*  On May 17, 2022, a bench warrant was served on Thompson, and he was arrested.  ECF No. 1 at 16.  The charges against Thompson in district court were stricken on May 19, 2022.  *See* Order and Notice of Entry of Order, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 19, 2022), Dkt. No. 36.  Thompson is awaiting trial in circuit court.

Thompson signed the Complaint in this action on August 30, 2022.  ECF No. 1 at 6.  Thompson alleges in Count I that his constitutional rights were violated because he was detained for ninety-six hours between May 7, 2022, and May 11, 2022.  *Id.* at 4.  Thompson alleges in Count II that the ongoing case in circuit court violates the Double Jeopardy Clause of the Fifth Amendment because of the previously filed charges in district court.  *Id.* at 5.  In his request for relief, Thompson asks for $25,000 for each day that he has been detained.  *Id.* at 6.  The

Court granted Thompson's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 14, on November 9, 2022, ECF No. 15.

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that she suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of her rights.

5

B. **<u>Eleventh Amendment</u>**

In both Count I and Count II, Thompson names as a Defendant the State of Hawaii. *See* ECF No. 1 and 15–16.

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]" U.S. Const. amend XI. Thus, absent waiver by a State or valid abrogation by Congress, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Sossamon v. Texas*, 563 U.S. 277, 284–85 (2011) ("A State's consent to suit must be unequivocally expressed in the text of the relevant statute[.]"). "Hawaii has not unequivocally waived its sovereign immunity," *Thompson v. Paleka*, CIV. NO. CV 17-00531 SOM-KJM, 2017 WL 5309608, at *3 (D. Haw. Nov. 13, 2017); and Congress has not overridden that immunity for civil rights actions brought pursuant to 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Any claims against the State of Hawaii are barred by the Eleventh Amendment and therefore DISMISSED with prejudice. *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the

State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)).

C. **Municipal Liability**

In Count I and Count II, Thompson also names as a Defendant the City and County of Honolulu. ECF No. 1 at 15–16.

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A local government unit, however, may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "To prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to official municipal policy of some nature." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

Although Thompson alleges that he was detained for ninety-six hours after his arrest, and he was charged with the same crimes in district and circuit court, he has not plausibly alleged that these events were the result of a policy or custom of the City and County of Honolulu. Thompson's claims against the City and County of Honolulu are therefore DISMISSED.

D. <u>No Leave to Amend</u>

When a pleading is dismissed under 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A, district courts have discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id.* at 1129. For the following reasons, the Court concludes that Thompson's claims lack any merit.

1. **Fourth Amendment**

Thompson alleges in Count I that his constitutional rights were violated because he was detained for ninety-six hours between May 7, 2022, and May 11, 2022.[3] ECF No. 1 at 15.

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); *Powell v. Nevada*, 511 U.S. 79, 80 (1994). States must therefore "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination

---

[3]Although Thompson refers to the Due Process Clause of the Fifth Amendment, the Court liberally construes his claims as arising under the Fourth Amendment.

must be made by a judicial officer either before or promptly after arrest." *Gerstein*, 420 U.S. at 124–25.

"Under *Gerstein*, warrantless arrests are permitted but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id.* at 56; *Powell*, 511 U.S. at 80; *see also Benson v. Chappell*, 958 F.3d 801, 823 (9th Cir. 2020) ("[A]n arrestee is entitled under the Fourth Amendment to a hearing at which he is presented with the probable cause of his arrest within forty-eight hours of the arrest."), *cert. dismissed*, 141 S. Ct. 2779 (2021).

A probable cause determination made within forty-eight hours "may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably." *McLaughlin*, 500 U.S. at 53. "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.*

Under Hawaii law, "[a]s soon as practicable, and . . . not later than 48 hours after the warrantless arrest of a person held in custody, a district judge shall

9

determine whether there was probable cause for the arrest." Haw. R. Penal Procedure 5(a)(2); *State v. Visintin*, 426 P.3d 367, 378–79 (2018) ("[T]his rule provides that when a person has been arrested without a warrant and remains in custody, the court shall, no later than forty-eight hours after the arrest, determine whether there is probable cause for the arrest.").

Here, Thompson was arrested at 9:45 p.m. on May 7, 2022. ECF No. 1; *see also* Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 9, 2022), Dkt. No. 10 at 1. At 9:17 a.m. the following morning—that is, less than twelve hours later—a district court judge signed a Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee. *Id.* The judge found that there was "reason to believe that sufficient probable cause exist[ed] for the extended restraint of liberty of [Thompson] for the offense(s) of terroristic threatening in the first degree in violation of Section(s) 707-71 of the Hawaii Revised Statutes." *Id.* This judicial determination of probable cause is presumptively reasonable. *See Aquino v. Hawaii*, CIV. NO. CV 18-00037 SOM-WRP, 2019 WL 3069836, at *2 (D. Haw. July 12, 2019) ("Judicial determinations of probable cause to arrest that are made within forty-eight hours of arrest are presumptively reasonable, i.e., they do not violate the Fourth Amendment.").

Thompson alleges no facts suggesting that his probable cause determination was delayed unreasonably, nor could he plausibly do so. *See McLaughlin*, 500 U.S. at 56–57 (noting that courts "must allow a substantial degree of flexibility" and "cannot ignore the often unavoidable delays in . . . handling late-night bookings where no magistrate is readily available"). To the extent Thompson alleges that he was detained for ninety-six hours from May 7 until May 11, he misunderstands the relevant period. The relevant timeframe was between the time of Thompson's arrest and when a judge made a probable cause determination. Here, that period spanned less than twelve hours, including overnight hours. Thompson cannot plausibly allege that the probable cause determination in this case was unreasonably delayed. Thompson's Fourth Amendment claim in Count I is therefore DISMISSED with prejudice.

### 2. Fifth Amendment

Thompson alleges in Count II that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated because charges were previously filed against him in district court.[4] ECF No. 1 at 16.

---

[4] Under the *Younger* abstention doctrine, a federal court should abstain from hearing a case that would interfere with ongoing state proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). The Ninth Circuit has stated, however, that "[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of [*Younger*]." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992).

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "[T]he 'constitutional policies underpinning the Fifth Amendment's guarantee' are not implicated before that point in the proceedings at which 'jeopardy attaches.'" *Serfass v. United States*, 420 U.S. 377, 390–91 (1975) (quoting *United States v. Jorn*, 400 U.S. 470, 480 (1971)). In a jury trial, jeopardy attaches only when a jury is empaneled and sworn. *Serfass*, 420 U.S. at 388. In the case of a non-jury trial, jeopardy attaches when the court begins to hear evidence. *Id.* The Double Jeopardy Clause has no application unless jeopardy has attached. *United States v. Lusby*, 972 F.3d 1032, 1037 (9th Cir. 2020).

"The attachment of jeopardy is a necessary, though not sufficient, condition for applying the protections of the Double Jeopardy Clause." *United States v. Jose*, 425 F.3d 1237, 1240 (9th Cir. 2005). "There must also be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction." *Id.*

Here, the state filed a Complaint in district court on May 9, 2022. *See* Complaint, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 9, 2022), Dkt. No. 1 at 1, 3. On May 19, 2022, the charges in district court were stricken, however, after a grand jury returned an indictment against

Thompson. *See* Order and Notice of Entry of Order, *State v. Thompson*, No. 1DCW-22-0001138 (Dist. Ct. 1st Cir. Haw. May 19, 2022), Dkt. No. 36.

Thompson cannot plausibly allege that jeopardy attached in the district court because a jury was never empaneled and sworn, nor did the court begin to hear evidence. Moreover, there was no jeopardy terminating event in the district court because Thompson was not acquitted of the charges, nor was a final judgment of conviction entered. Thus, the Double Jeopardy Clause simply does not apply here. Thompson's claims in Count II are therefore DISMISSED with prejudice.

## IV. **28 U.S.C. § 1915(g)**

Thompson is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. **CONCLUSION**

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Because any amendment would be futile, Thompson's claims under 42 U.S.C. § 1983 are DISMISSED with prejudice.

(3) This dismissal may later constitute a strike under 28 U.S.C. § 1915(g).

(4) Thompson's Motion for Appointment of Counsel, ECF No. 3, is DENIED as moot.

(5) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: November 15, 2022 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Thompson v. State of Hawaii, et al.*; Civil No. 22-00408 DKW-KJM; **ORDER (1) DISMISSING PRISONER CIVIL RIGHTS COMPLAINT AND ACTION, AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**